IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| COREY DESHAUN COLLINS | § | |
| VS. | § | CIVIL ACTION NO. 9:20-cv-226 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Corey Deshaun Collins, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Petition

Petitioner states he is serving a sentence imposed by the United States District Court for the Northern District of Texas. In his Petition (Doc. #1.), he complains that he has not received credit towards his federal sentence for time spent in state custody. He states both the federal sentencing court and the state sentencing court indicated his federal and state sentences should be served concurrently.

Discussion

The website operated by the Bureau of Prisons states Petitioner was released from confinement on March 25, 2022.[1] As explained below, his petition is therefore moot.

An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot raises a jurisdictional question because it implicates the Article III requirement that an actual controversy

---

[1] https://www.bop.gov/inmateloc/

exist at all stages of federal court proceedings. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021). A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005). A case become moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446.

If Petitioner had been was successful in this matter, he would have been entitled to be released sooner than would otherwise have been the case. As Petitioner has been released from confinement, he has received the relief that would have been available to him in this matter. His Petition therefore no longer presents a justiciable controversy and should be dismissed without prejudice as moot.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed without prejudice as moot.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to file objections bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations contained herein, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 9th day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE